HENRY J. WARD, BELVIA W. WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 3984-75.
United States Tax Court
T.C. Memo 1976-79; 1976 Tax Ct. Memo LEXIS 323; 35 T.C.M. (CCH) 344; T.C.M. (RIA) 760079; March 16, 1976, Filed *323 Petitioner Henry J. Ward, a pipe fitter, drove his car to work each day and returned home at night. No public transportation was available between petitioner's home and his job site. He received $5.00 a day travel allowance from his employer because of a provision in his union contract regarding job assignments in excess of twenty miles beyond his union headquarters. During 1973, he received $1,225.00 under this arrangement, included this amount in gross income, but then deducted an equal amount as employee business expenses. Held, petitioner's expenses are nondeductible commuting expenses under section 262, I.R.C. 1954. Henry J. Ward, *324 pro se. Randolph D. Mason, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency in petitioners' income taxes for 1973 of $392.04. The only issue is whether certain expenses which Henry J. Ward (hereinafter petitioner) incurred are deductible under section 162 as ordinary and necessary business expenses. [1]
FINDINGS OF FACT Some facts were stipulated and are found accordingly. Petitioner and his wife, Belvia, lived in Huntingtown, Maryland, when they filed their joint 1973 income tax return and when they filed their petition in this case. Petitioner is a pipe fitter and a member of Pipe Fitters' Union Local No. 602 in Washington, D.C. On October 20, 1970, petitioner was hired as a pipe fitter for the Bechtel Corporation, the contractor building the Calvert Cliffs Atomic Energy Plant for Baltimore Gas and Electric Company. Bechtel employed petitioner at Lusby, Maryland which is seventeen miles from petitioner's home in Huntingtown, Maryland. Each day petitioner drove his car to the job site at *325 Lusby and returned home at night. During 1973, petitioner received $5.00 a day as a travel allowance from Bechtel because of a provision in his union contract regarding job assignments in excess of twenty miles beyond his union headquarters. Lusby, Maryland is forty-nine miles from union headquarters in Washington, D.C. Under this arrangement, petitioner received $1,225.00 in travel allowance during 1973 from Bechtel. Petitioner included this amount in gross income but deducted an equal amount as employee business expenses. Bechtel employed petitioner at Lusby between October 20, 1970, and February 5, 1974. He was removed from the payroll on February 5, 1974, after a period of absence because of an injury. Petitioner was rehired one week later, on February 12, and was employed by Bechtel at the time of trial. During 1973, no public transportation was available to petitioner between his home and the Lusby job site. Although the duration of his employment was not specified when Bechtel originally hired him, petitioner knew that he would probably only work at Lusby for a few years because of the nature of the construction project. OPINION The only issue [2] is whether certain *326 expenses which petitioner incurred are deductible under section 162 as ordinary and necessary business expenses. [3]
, governs this issue. [4] In that case, taxpayer lived a great distance from his principal place of business. Nevertheless, the Supreme Court found that the cost of traveling that distance was a nondeductible, commuting expense. [5] The distance traveled did not alter the character of the expense. Accordingly, *327 Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Respondent also argues that petitioner improperly computed the amount of his deduction. In light of our holding, we need not reach this issue. ↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *↩
4. The record does not indicate that petitioner carried any tools to work, , nor does there appear to be any other way to distinguish Flowers.↩
5. Sec. 1.262-1(b)(5). * * * The taxpayer's costs of commuting to his place of business or employment are personal expenses and do not qualify as deductible expenses. * * *↩